IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DERRICK M. ALLEN,              )
                               )
                Plaintiff,     )
                               )
        v.                     )        1:20cv256
                               )
RENTGROW, INC., ANANT YARDI,   )
GORDON MORRELL & CORPORATION   )
SERVICE COMPANY,               )
                               )
                Defendants.    )

MEMORANDUM OPINION AND ORDER

THOMAS D. SCHROEDER, Chief District Judge.

This case involves claims related to false credit reporting. Before the court is the motion to dismiss of Defendants Rentgrow, Inc. ("Rentgrow"), Anant Yardi, and Gordon Morrell. (Doc. 20.) Defendants seek dismissal of all claims brought by pro se Plaintiff Derrick Allen against Yardi and Morrell, as well as dismissal of Allen's libel per se claim against Rentgrow. In his response to Defendants' motion to dismiss, Allen also seeks leave to amend his complaint. For the reasons set forth below, Defendants' motion will be granted and Allen's request for leave to amend will be denied.

I.   BACKGROUND

The facts, taken in the light most favorable to Allen as the non-moving party, show the following:

Allen applied for an apartment at a complex, Lenox at Patterson Place ("Lenox"), in Durham in 2019. (Doc. 8 ¶ 5.) Rentgrow, a consumer reporting agency under the Fair Credit Reporting Act ("FCRA") (Doc. 21 at 5), provided a report to Lenox regarding Allen's application (Doc. 8 ¶ 5). This report indicated that Allen had convictions for first-degree sexual assault of a child and second-degree murder. (Id. ¶¶ 6, 11.) Allen alleges that Rentgrow incorrectly reported his criminal history, as the convictions against him were vacated and dismissed in 2009. (Id. ¶ 13.) The report also erroneously indicated that Allen had been charged with or convicted of 45 misdemeanors. Allen alleges that the report erroneously counted 10 misdemeanor charges multiple times, resulting in an incorrect report (Id. ¶¶ 14-15), and that public records show that he has been convicted of six misdemeanors. (Id. ¶ 19). Rentgrow recommended to Lenox that it reject Allen's apartment application. (Id. ¶ 24.)

After Allen learned about the report's contents, he informed Rentgrow of the errors, and Rentgrow sent Lenox an amended report on July 23, 2019. (Id. ¶ 21.) The amended report does not mention the vacated sexual assault and murder convictions, but it still incorrectly reported that Allen had more than 40 misdemeanor convictions. (Id. ¶¶ 22-23.) Rentgrow again recommended that Lenox reject Allen's application. (Id. ¶ 24.) In August 2019, Rentgrow sent Lenox a second amended report, in which the number

2

of purported misdemeanor convictions was reduced from 46 to 9. (Id. ¶¶ 27-28.)  Allen claims that this second amended report still erroneously reports one of his six true misdemeanor convictions four times.  (Id. ¶ 28.)  Rentgrow again recommended that Lenox reject Allen's application.  (Id. ¶ 29.)

Allen maintains that Rentgrow failed to use a reasonable procedure (such as searching publicly available government records) to ensure an accurate report of his criminal history, in violation of the FCRA.  (Id. ¶¶ 31-40.)  In failing to accurately report his criminal history, and in failing to fully correct its report on multiple occasions, Allen alleges, Rentgrow acted with malice and willful intent to injure him.  (Id. ¶¶ 38-40.)

Allen, acting pro se, filed this lawsuit on March 17, 2020. (Doc. 1.)  He subsequently filed an amended complaint on March 26. (Doc. 8.)  On April 24, 2020, Defendants filed the present motion to dismiss.  (Docs. 20, 21.)  The court issued a Roseboro notice,[1] indicating that Allen had a right to file a 20-page response. Allen timely filed a response.  (Doc. 25.)  Defendants filed a reply brief (Doc. 27), and Allen filed a supplemental brief a week later (Doc. 28).  The motion is thus fully briefed and ready for decision.

---

[1] See Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) (per curiam).

## II. ANALYSIS

Defendants seek dismissal of all claims against Yardi and Morrell, as well as dismissal of the libel per se claim against Rentgrow.

Under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  In considering the motion, a court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and all reasonable inferences must be drawn in the plaintiff's favor.  Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997).  Mere legal conclusions are not accepted as true, however, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678.

The court is also mindful that Allen proceeds pro se and is therefore entitled to a liberal construction of his complaint. See Hall-El v. United States, No. 1:11CV1037, 2013 WL 1346621, at *2 (M.D.N.C. Apr. 3, 2013) (citing Erickson, 551 U.S. at 94).  But

4

while the court must construe a pro se complaint liberally, it is not obliged to become an advocate for the unrepresented party, Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990), or "to construct full blown claims from sentence fragments," Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Defendants argue that Allen's complaint fails to state a claim against either Yardi or Morrell. Indeed, their names appear nowhere in the complaint besides their identification in the case caption. That reason alone is sufficient to dismiss the claims brought against them. Weidman v. Exxon Mobil Corp., 776 F.3d 214, 218 (4th Cir. 2015) (dismissing claims against a Defendant who was "only mentioned in the complaint caption; there [was] no factual detail at all to support any claims against him"). Allen claims that Yardi and Morrell are personally liable because they are officers and directors of Rentgrow and its parent company. (Doc. 25 at 12-13.) However, these facts would not suffice to render Yardi and Morrell liable for Rentgrow's actions. Sit-Set, A.G. v. Universal Jet Exch., Inc., 747 F.2d 921, 929 (4th Cir. 1984) (noting that corporate officers may be held liable "for obligations arising out of tortious conduct of the officers that subject the corporation to liability"). As a result, Allen has failed to allege any facts that would make a claim against Yardi and Morrell plausible.

Defendants also seek dismissal of Allen's libel per se claim

5

against Rentgrow, arguing that the FCRA expressly preempts Allen's claim. Allen argues that preemption does not apply because he has pleaded facts demonstrating that Rentgrow acted with malice and willful intent.

The FCRA states that "no consumer may bring any action or proceeding in the nature of defamation . . . against [a] consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure [a] consumer." 15 U.S.C. § 1681h(e). North Carolina law makes clear that a libel claim falls under the definition of defamation. Aycock v. Padgett, 516 S.E.2d 907, 909 (N.C. Ct. App. 1999). Thus, whether or not Allen's libel per se claim is preempted by the FCRA depends on whether he has alleged that Rentgrow acted with malice or willful intent to harm him.

When alleging a willful violation of the FCRA, "[p]laintiffs must show that the defendant knowingly and intentionally committed an act in conscious disregard for the rights of the consumer." Ausherman v. Bank of Am. Corp., 352 F.3d 896, 900 (4th Cir. 2003) (internal quotation marks omitted). The Supreme Court has defined reckless disregard under the FCRA to mean that a plaintiff must show "that the company ran a risk of violating the law substantially greater than the risk associated with a reading [of the statute's terms] that was merely careless." Safeco Ins. Co. of Am. V. Burr, 551 U.S. 47, 69 (2007). Malice, as used in

6

defamation claims brought under North Carolina state law, see Hill v. Equifax Info. Servs., LLC, 974 F. Supp. 2d 865, 878 (M.D.N.C. 2013), refers either to "ill-will or personal hostility on the part of the [defendant]," or to a "showing that the [defendant] published [a] defamatory statement with knowledge that it was false, with reckless disregard for the truth, or with a high degree of awareness of its probable falsity." Barker v. Kimberly-Clark Corp., 524 S.E.2d 821, 825 (N.C. Ct. App. 2000) (quoting Clark v. Brown, 393 S.E.2d 134, 138 (N.C. Ct. App. 1990)).

Allen has failed to allege facts demonstrating malice or willfulness on Rentgrow's part. His allegations of malice and willfulness are mere legal conclusions that the court cannot credit on a motion to dismiss. See Iqbal, 556 U.S. at 678; see also Alston v. United Collections Bureau, Inc., Civil Action No. DKC 13-0913, 2014 WL 859013, at *11 (D. Md. Mar. 4, 2014) (requiring that, to show malice or willful intent to injure, a plaintiff must allege facts that defendant "acted with a high degree of awareness of probable falsity or had serious doubts as to . . . veracity"). Although Allen argues that malice can be inferred from the fact that Rentgrow submitted two amended reports, each with erroneous information about his criminal history, these allegations actually cut against him. Courts have found that when a consumer reporting agency takes steps to amend and correct its errors, such actions are "antithetical to a showing of malice." Henderson v. Wells

7

Fargo Bank, Civil Action No. 3:09cv01, 2009 WL 1259355, at *8 (W.D.N.C. May 5, 2009). Each of Rentgrow's amended reports removed erroneous information. Indeed, according to Allen's allegations, Rentgrow amended its report a second time without Allen's prompting. (Doc. 8 ¶¶ 27-28.) Such facts belie an inference of malice or willful intent on Rentgrow's part, and Allen's mere speculation of malice is insufficient.[2] Allen has thus failed to adequately plead facts demonstrating that Rentgrow reported false information with malice, and his libel per se claim, preempted by the FCRA, will be dismissed.

Furthermore, to the extent that Allen's brief requests leave to amend his complaint (Doc. 25 at 3), his request is denied without prejudice to his properly filing a motion for leave to amend. Allen has already amended his complaint once as a matter of right. Fed. R. Civ. P. 15(a)(1). His current request for leave to amend, contained in his response brief, is not accompanied by a motion, and Allen has not offered any proposed amended complaint.

Under Federal Rule of Civil Procedure 15(a)(2), once 21 days passes from service of a motion to dismiss, a plaintiff may amend a pleading only with the opposing party's consent or leave of

---

[2] The fact that the second amended report still inaccurately reported the number of Allen's misdemeanor convictions does not "provide a strong basis for reasonably inferring" that Rentgrow was acting with a high degree of awareness of the falsity of its second amended report. Tucker v. Specialized Loan Servicing, LLC, 83 F. Supp. 3d 635, 653 (D. Md. 2015).

court.  Leave should be freely given "when justice so requires."
Fed. R. Civ. P. 15(a)(2).

However, a "request for the court must be made by a motion,"
which must state the grounds for seeking the order and state the
relief sought.  Fed. R. Civ. P. 7(b)(1).  A request for leave to
amend, in the event that any part of the complaint is dismissed,
at the end of a plaintiffs' response brief opposing a motion to
dismiss is not a proper motion for leave to amend; it would be
proper for a district court to deny the request on these grounds
alone.  See Cozzarelli v. Inspire Pharm. Inc., 549 F.3d 618, 630–
31 (4th Cir. 2008).  Additionally, this district's local rules
require a proposed amended pleading to be attached to any motion
for leave to amend a pleading.  L.R. 15.1.  The purpose of this
rule is to avoid having cases thrust into limbo on such generalized
requests that may later prove unsupported.  Robinson v. Pepsi
Bottling Grp., No. 1:13CV729, 2014 WL 2048127, at *4 (M.D.N.C. May
19, 2014).  It is within the discretion of a district court to
deny a motion for leave to amend where the moving party fails to
comply with Local Rule 15.1.  See U.S. ex rel. Rostholder v.
Omnicare, Inc., 745 F.3d 694, 703 (4th Cir. 2014).

Here, Allen has not made a proper motion to amend, nor has he
attached a proposed amended complaint.  Thus, his request for leave
to amend will be denied without prejudice at this time.  Cf. United
States ex rel. May v. Purdue Pharma L.P., 737 F.3d 908, 920 (4th

9

Cir. 2013) (noting that dismissal with prejudice would be improper where amendment would not be futile or otherwise improper).

Defendants request that the court dismiss Allen's claims against Yardi and Morrell and his libel per se claim against Rentgrow with prejudice. Allen requests that any dismissal be without prejudice. It is within the district court's discretion to decide whether dismissal under Rule 12(b)(6) is with or without prejudice. Carter v. Norfolk Cmty. Hosp. Ass'n, Inc., 761 F.2d 970, 974 (4th Cir. 1985). "Dismissal with prejudice involves disposition on the merits, while dismissal without prejudice does not." Armstrong v. City of Greensboro, 1:15CV282, 2016 WL 1312037, at *2 (M.D.N.C. Mar. 31, 2016). Futility of amendment should also be considered when deciding whether to dismiss with prejudice. See id. Thus, dismissal with prejudice is proper when a plaintiff's claim suffers from "fundamental deficiencies." Cozzarelli, 549 F.3d at 630. Here, Allen's claims against Yardi and Morrell are grounded in a fundamental misunderstanding of corporate liability. Any amendment of claims brought against them would be futile. Thus, the claims against Yardi and Morrell will be dismissed with prejudice. However, Allen's libel per se claim against Rentgrow will be dismissed without prejudice, because the court cannot say on this record whether Allen could state sufficient facts to make out such a claim. See Armstrong, 2016 WL 1312037, at *3 (dismissing a claim without prejudice when "further

10

evidence could warrant Plaintiff seeking leave to file an amended complaint"). In dismissing this claim without prejudice, the court expresses no view on whether such a claim could be plausibly stated.

## III. CONCLUSION

For the reasons stated,

IT IS THEREFORE ORDERED that Defendants' motion to dismiss (Doc. 20) is GRANTED. All claims brought against Defendants Yardi and Morrell are DISMISSED WITH PREJUDICE. Allen's state law libel per se claim against Rentgrow is DISMISSED WITHOUT PREJUDICE. Allen's reference in his response brief to the possibility of leave to amend, if construed as such a request, is DENIED WITHOUT PREJUDICE.

/s/ Thomas S. Schroeder
United States District Judge

July 30, 2020

11